IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JACKSON, | No. C 04-02945 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| GREYHOUND LINES, INC., et al., | |
| Defendants. | |

Plaintiff, Ronnie Jackson, filed a pro se complaint with this Court on July 20, 2004, alleging that defendant violated Title III of the Americans with Disabilities Act ("ADA") by refusing to allow Jackson and his traveling companion to use disabled seating during the entirety of a three-day bus trip from San Francisco to Baton Rouge. Defendant now moves to dismiss plaintiff's first amended complaint.

In reviewing defendant's motion to dismiss, it has come to the Court's attention that Jackson's complaint fails to state a claim for relief on grounds that defendant did not raise in its motion. Jackson brings his complaint pursuant to 42 U.S.C. § 12184(b)(2)(C), which lies in Title III of the ADA. First Am. Compl. ¶¶ 17-18. When private plaintiffs seek redress for violations of Title III of the ADA, however, they may obtain only injunctive relief. *See* 42 U.S.C. § 12188 (authorizing monetary damages only where suit brought by the Attorney General); *Fischer v. SJB P.D. Inc.*, 214 F.3d 1115 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA."). Yet Jackson seeks only monetary relief in his complaint. First Am. Compl. at 10. Given that Jackson has not requested injunctive relief, his complaint fails to state a claim under Title III of the ADA.

If he chooses, Jackson may amend his complaint to remedy the above defect. If Jackson wishes to continue seeking monetary damages, he has two options available to him. First, he may identify a different

provision of federal law that entitles him to damages.  Alternatively, he may amend his complaint to seek injunctive relief under Title III of the ADA, and may add supplemental California-law claims that provide for monetary relief.  *See, e.g.*, California Civil Code §§ 51, 52, 54.1, 54.3.  Jackson must file his amended complaint **no later than October 21, 2005.**  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss (Docket No. 29).

**IT IS SO ORDERED.**

Dated: 9/23/05

SUSAN ILLSTON
United States District Judge